UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| TIFFANY HOSTER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 04 C 6141 |
| | ) | |
| HEWITT ASSOCIATES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the Court on Defendant's, Hewitt Associates LLC ("Hewitt"), request for a Bill of Costs to account for deposition transcript and document reproduction costs associated with its case. For the reasons set forth below, we award costs in the amount of $2,271.30.

## BACKGROUND

On September 21, 2004, Tiffany Hoster ("Hoster") filed suit against Hewitt alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. 12112(a). On April 21, 2005, we granted Hewitt's motion for summary judgment on all claims. Subsequently, Hewitt filed the instant Bill of Costs seeking recovery of $2,271.30.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 54(d)(1) allows a court to tax costs other than attorneys' fees in favor of a prevailing party. Pursuant to 28 U.S.C. § 1920, recoverable costs include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. A prevailing party enjoys the presumption that costs will be awarded. See M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409-10 (7th Cir. 1991). This presumption is difficult for the losing party to overcome, and a court must award costs unless it can state good reasons for not doing so. Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 945 (7th Cir. 1997). Accordingly, we examine each of the costs Pepperidge Farms claims to determine whether they are allowable and reasonable in their amount and their necessity to the litigation. Cengr v. Fusibond Piping Systems, Inc., 135 F.3d 445, 454 (7th Cir. 1998).

## DISCUSSION

Hewitt's Bill of Costs is comprised of two expense categories provided for under § 1920: 1) deposition transcript fees and 2) copy fees for papers necessary to the litigation. Hoster does not take issue with Hewitt's calculation, but instead argues that

it would be unjust to require her to now pay Hewitt's costs in light of her inability to pay her own costs during the course of the litigation.

Because Hoster commenced this civil action as a paying litigant and judgment has been entered, her "assertion of indigence in a post judgment motion is in essence a request to proceed *in forma pauperis*." O'Toole v. Calmar, 1990 WL 141431, slip op. at 5 (N.D. Ill.1990) (citing Flowers v. Turbine Support Division, 507 F.2d 1242, 1245 (5th Cir.1975)). The process of establishing *in forma pauperis* status begins when an indigent litigant files a motion with an attached affidavit supporting her claim of indigence. Id. As held in Zaun v. Dobbins, 628 F.2d 990 (7th Cir.1980), a terse, unparticularized oath of indigence does not satisfy the affidavit-of-poverty requirement of the *in forma pauperis* statute. 28 U.S.C. § 1915(a).

In support of her indigence claim, Hoster submits that: 1) she appeared pro se; 2) that during the course of the litigation she was unable to pay court reporter costs, deposition transcript costs, attorneys' fees or handling costs; and that since Hewitt terminated her employment she has been only minimally employed. Further, Hoster maintains that her lawsuit had legal merit and was not frivolous. Hoster has provided her individual income tax return for 2003, but has failed to submit a current particularized financial affidavit. Without more, her arguments are merely unpersuasive assertions. Further, although her lawsuit may not have been frivolous,

our ability to determine Hoster's ability to pay the costs associated with such is paramount to our *in forma pauperis* inquiry. Currently, we are unable to reach such a determination based upon the information Hoster has provided. Consequently, Hewitt is entitled to the requested amount.

## CONCLUSION

Based on the foregoing analysis, we enter judgment in favor of Hewitt, as the prevailing party, on its Bill of Costs in the total amount of $2,271.30.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: JAN 2 7 2006